Rita W. Gruber, Judge, dissenting. Because I believe the majority’s decision to reverse this case is contrary to our legislature’s intent in termination-of-parental-rights cases, I respectfully dissent. Our legislature has made clear that the intent behind the termination-of-parental-rights statute is to provide permanency in a child’s life when it is not possible to return the child to the family home because it is contrary to the child’s health, safety, or welfare, and a return to the family home cannot be accomplished in a reasonable period of time as viewed from the child’s perspective. Ark. Code Ann. § 9-27-341(a)(3). The majority relies on this court’s decision in Cranford v. Arkansas Department of Human Services, 2011 Ark. App. 211, 378 S.W.3d 851, in reversing this case. In Cranford, the maternal grandmother testified that she was willing to adopt the children but that she would rather “be the grandparent instead of the parent.” Since Cranford, this court has held that domestic abuse, drug-related issues, and incarceration during the pendency of-the case support a court’s finding of potential harm, even when a child is placed with a relative. McElwee v. Ark Dep’t of Human Servs., 2016 Ark. App, 214, at 9-10, 489 S.W.3d 704, 709. At the time of the termination hearing in this case, the children had been out of Ms. Bunch’s care for eighteen months. The court specifically found that Ms. Bunch had not 11¶“taken the opportunity to obtain her own suitable housing for herself and the children,” that she was without employment or transportation, and that she. continued to “put Catlin Bridgers first” instead of her children. Ms. Bunch admitted at the termination hearing on September 14, 2016, that she was currently serving a ten-year probation sentence and that she had been arrested on September 10, 2016, for failing to app'ear in court in Ash Flat. She conceded that she “back-slid” and smoked marijuana while the case was ongoing and that she continued to have positive' drug- tests despite having completed drug treatment. Further, she and Catlin were involved in another domestic incident in April 2016. Cat-lin shared the -bedroom' in Janie- King’s home with Ms. Bunch immediately prior to his one-month incarceration. During Cat-lip’s incarceration, Ms. King discovered syringes under the bed. Despite this occurring shortly before the termination hearing and their “split up,” she testified that she would “speak to Catlin again.” Here, unlike Cranford, the children did not reside with the maternal grandparent before removal, nor did the grandparent testify at the termination hearing, much less state that she “wanted to be a grandparent instead of the parent.”[1] While I do believe that Ms. Bunch was well bonded with her children, I do not believe that the court clearly erred in terminating her parental rights. Eighteen months is a significant period of time when viewed from the children’s perspective, and I do not believe [12that a permanent placement with the grandparent would provide the same permanency for the children as adoption would. None of us has a crystal ball and can determine whether Ms. Bunch will ever become an appropriate parent. What we do have is a trial judge who has presided over this case for the entire eighteen months leading up to the termination hearing. We, as appellate judges, are required to rely on the fact-finder’s credibility determinations based on his or her evaluation of the witnesses, the testimony, and the child’s best interest. Ross v. Ross, 2010 Ark. App. 497, at 2, 2010 WL 2404168. I see the majority’s decision to, continue these children in a state of prolonged uncertainty and to reject the trial court’s credibility determination as being contrary to our statutory framework and certainly not in these children’s best interest. See Coleman v. Ark. Dep’t of Human Servs., 2010 Ark. App. 851, 379 S.W.3d 778; see also Smith v. Ark. Dep’t of Human Servs., 2017 Ark. App. -. This trial judge did not clearly err. For the above reasons, I respectfully dissent. Klappenbach, J., joins. . Based on findings in the permanency-plan- - ning order and the fifteen-month review order, there were disagreements between Ms. Bunch and the maternal grandmother (foster parent). Ms. Bunch testified the disagreement had been based on her continued relations with Catlin.